FILED IN CLERK'S OFFICE
U.S.D.C. -Gainesville

NOV 1 0 2009

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

KATHERINE RINTOUL
And SCOTT ROGERS,
Plaintiffs

2 09-CV-0202-WCO

Vs.

Civil Action File No._____
Judge_____

MELVIN TOLBERT, Individually          Jury Trial Demanded
And in his official Capacity as Mayor of
The City of Pendergrass,  HILDA GEE,
Individually and in her official capacity as
City Councilmember of the City of Pendergrass,
JUDY STOWE, Individually and in her official
Capacity as Councilmember of the City of
Pendergrass, JOHN PETHEL, Individually and in his
Official Capacity as City Councilmember of the
City of Pendergrass, THOMAS MARLOWE, Individually and
In his Official Capacity as Councilmember of the City of
Pendergrass, ROBERT J. RUSSELL, III,  Individually, and in his
Official Capacities as City Administrator and Chief of Police for
City of Pendergrass, and The CITY of PENDERGRASS
Defendants

## COMPLAINT

COMES NOW, Katherine Rintoul and Scott Rogers, plaintiffs, who states

this their claim against the defendants, Melvin Tolbert, Hilda Gee, Judy Stowe,

John Pethel, Thomas Marlowe, Robert J. Russell, III and the City of Pendergrass to

the Court as follows:

## JURISDICTION AND VENUE

1.

This action is brought pursuant to 42 U.S.C. 1983, the First and Fourteenth

Amendments to the United States Constitution , OCGA 36-33-4, 45-1-4, 45-19-45

and to remedy violations of state common law based upon the pendent jurisdiction

of this Court pursuant to United Mineworkers v. Gibb, 38 U.S. 715 (1966).

Jurisdiction of state law claims is founded upon pendent or supplemental

jurisdiction of the Court pursuant to Gibb 38 U.S. 715 (1966).  The Court therefore

has jurisdiction pursuant to 28 U.S.C. 1331 and 1343.

2.

Venue is proper in this Court because all of the acts complained of occurred

in the Gainesville Division of the United States District Court for the Northern

District of Georgia and because all of the Defendants reside in the Gainesville

Division of the Northern District of Georgia.

## PARTIES

3.

Plaintiff Katherine Rintoul ("Plaintiff Rintoul") is a citizen of the United

States and the State of Georgia and is entitled to bring actions of this kind and

nature.

4.

Plaintiff Scott Rogers ("Plaintiff Rogers") is a citizen of the United States and the State of Georgia and is entitled to bring actions of this kind and nature.

5.

Defendant City of Pendergrass, Georgia ("City") is a duly incorporated municipality of the State of Georgia and is subject to the jurisdiction of this Court. The City acts under the color of local and Georgia law. The City may be served with process by serving Melvin Tolbert, Mayor of the City of Pendergrass, 41 Blackberry Lane, Pendergrass, Georgia 30567.

6.

Defendant Melvin Tolbert, ("Tolbert") is and has been at all times relevant to this action, the Mayor of the City of Pendergrass. Defendant Tolbert resides in the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant Tolbert acts under the color of local and Georgia law. As Mayor, Defendant Tolbert is a final policy making official for the City with regard to matters coming within the jurisdiction of his office. Defendant Tolbert may be served with process at his business location 41Blackberry Lane, Pendergrass, Georgia 30567.

7.

Defendant Hilda Gee ("Gee") is, and has been at all times relevant to this action, a duly elected member of the City Council for the City of Pendergrass. Defendant Gee resides in the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant Gee acts under the color of local and Georgia law. As City Councilmember, Defendant Gee is a final policy making official for the City with regard to matters coming within the jurisdiction of her office. Defendant Gee may be served with process at the following address 41 Blackberry Lane Pendergrass, Georgia 30567.

8.

Defendant Judy Stowe ("Stowe") is, and has been at all times relevant to this action, a duly elected member of the City Council for the City of Pendergrass. Defendant Stowe resides in the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant Stowe acts under the color of local and Georgia law. As City Councilmember, Defendant Stowe is a final policy making official for the City with regard to matters coming within the jurisdiction of her office. Defendant Stowe may be served with process at the following address 41 Blackberry Lane, Pendergrass, Georgia 30567.

9.

Defendant John Pethel ("Pethel") is, and has been at all times relevant to this action, a duly elected member of the City Council for the City of Pendergrass. Defendant Pethel resides in the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant Pethel acts under the color of local and Georgia law. As City Councilmember, Defendant Pethel is a final policy making official for the City with regard to matters coming within the jurisdiction of his office. Defendant Pethel may be served with process at the following address 41 Blackberry Lane, Pendergrass, Georgia 30567.

10.

Defendant Thomas Marlow ("Marlow") is, and has been at all times relevant to this action, a duly elected member of the City Council for the City of Pendergrass. Defendant Marlow resides in the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant Marlow acts under the color of local and Georgia law. As City Councilmember, Defendant Marlow is a final policy making official for the City with regard to matters coming within the jurisdiction of his office. Defendant Marlow may be served with process at the following address 41 Blackberry Lane, Pendergrass, Georgia 30567.

11.

Defendant Robert J. Russell, III ("Russell") is, and has been at all times relevant to this action, the City Administrator and Chief of Police for the City of Pendergrass. Defendant Russell resides in the Northern District of Georgia and is subject to the personal jurisdiction of this Court. Defendant Russell acts under the color of local and Georgia law. As City Administrator, Defendant Russell is a final policy making official for the City with regard to matters coming within the jurisdiction of his office. Defendant Russell may be served with process at the following address 607 Schuler Rd, Cleveland, Georgia 30528.

<u>Background Facts</u>

12.

From January 2005 until July 28, 2009, Katherine Rintoul was employed by the City of Pendergrass as the City Clerk. Plaintiff Rintoul's supervisor, at all times relevant to this matter, was to City Administrator Defendant Russell and the Mayor Defendant Tolbert. Plaintiff Rintoul's duties as City Clerk allowed her to interact and meet with the Defendant City Council members.

13.

From November 2007 until July 28, 2009, Scott Rogers was employed by the City of Pendergrass as police officer attaining the rank of Sergeant at the time

of his termination.  Plaintiff Rogers' supervisor, at all times relevant to this matter, was the Chief of Police, City Administrator Defendant Russell.

14.

Beginning sometime in the late fall of 2008 the Plaintiff Rintoul became suspicious of spending of City Funds by the City Administrator, Defendant Russell.  Rintoul began investigating the spending of Special Purpose Local Option Sales Tax contrary to the specific use proscribed by law and the misuse of funds collected and maintained in the City's General Fund.

15.

During this time, the City Auditor questioned approval of numerous expenditures by Defendant Russell, and requested documentation from Plaintiff Rintoul as to the expenditures.

16.

Plaintiff Rintoul alerted the Defendant Russell as to the City's Auditor's requests.  After Plaintiff Rintoul gathered the documentation, she spoke with Defendant Russell as to the copious amounts of documents.  At this time, Defendant Russell stated to Plaintiff Rintoul not to worry about the expenditures, if this auditor did not produce a favorable audit for the city, he would find one that did.  Plaintiff Rintoul submitted the documentation to the City Auditor.

17.

Plaintiff Rintoul discussed her concerns with Police Lieutenant William Garner as to her concerns about city expenditures.

18.

Plaintiff Rintoul also expressed concerns as to the misuse of city property by City Council members to Lt. Garner and Sgt. Rogers.  All individuals expressed concerns as to the misuse of city equipment by the municipal officers and city administrator for personal use.

19.

On or about June 21, 2009 Plaintiff Rogers had a very disturbing conversation with the Chief of Police, Defendant Russell, in which Defendant Russell stated to him to treat drivers differently depending upon their socioeconomic status, geographic location and political affiliations.  When Plaintiff Rogers stated it was not "fair" to treat citizens differently due residency or economic status.  Defendant Russell responded that Plaintiff Rogers must look out for the "family" and further states that the "family" is the City of Pendergrass and he ( Plaintiff Rogers) had to look out for it.  Russell stated that if Plaintiff Rogers was unable to act accordingly he would be terminated.

20.

Defendant Russell on or about June 21, 2009, stated to Defendant Rogers that it is acceptable to fix tickets for individuals based upon the individuals associations with others in law enforcement.

21.

Plaintiff Rogers spoke with Lt. Garner as to Defendant Russell's outrageous statements. It was further discussed by Rogers and Garner, Defendant Russell insistence to allow and unlicensed member Defendant Pethel's family to drive a motor vehicle in the city.

22.

On or about June 27, 2009 Plaintiff Rintoul was summoned to speak with Defendant Russell at his office in the Police Department. At this meeting, Defendant Russell threatened Plaintiff Rintoul with termination, if she associated with Plaintiff Rogers or Lt. Garner. At this meeting Defendant Russell stated to Plaintiff Rintoul his knowledge of hiring an undocumented worker for the city and the ways to avoid liability. He further stated that the undocumented employee worked at his home everyday, while being paid by the City through the use of Special Local Option Sales Tax Funds.

23.

During this meeting, Defendant Russell chastised Plaintiff Rintoul for questioning and preventing the expenditure of City of Pendergrass funds for an individual who was not employed by the City of Pendergrass, but was employed by the City of Nicholson.

24.

Defendant Russell stated numerous times that he allowed Defendant Pethel to use city equipment to "keep him off his back" and that the equipment was kept at Defendant Pethel's home.  Russell further states that he does many things to keep the Council happy specifically council members Pethel, Gee and Stowe.

25.

Defendant Russell admitted to Plaintiff Rintoul that he used City funds to pay the veterinary bill of an employee with the Mayor's permission.  And that it was "Nobody's business if we help him with the dog."

26.

On or about June 28, 2009 Plaintiff Rintoul and Plaintiff Rogers along with Lt. William Garner, plaintiffs' counsel meet with Defendant Tolbert to voice their concerns over the misuse of City funds, SPLOST fund misuse, misuse of city equipment, bribery of public officials and verbally abusive treatment by Russell.

27.

At this meeting, the mayor asked for one week to investigate the information presented to him.  After the June 28, meeting with the Mayor, the Defendants began a series of retaliatory actions toward Plaintiffs, significantly altering the terms and conditions of their employment with the Defendants and Defendant City.

28.

On or about July 5, 2009 Russell institutes a new policy as to "take home vehicles," effective immediately all patrol vehicles will remain at the police department.  Plaintiff Rogers complies with new vehicle policy.

29.

On or about July 6, 2009, Plaintiff Rogers, Lt. Garner and Peter Val Preda, meet with Tolbert to discuss new vehicle policy.  Tolbert states the policy is to help with the budget and all city vehicles are to remain in the City, including Defendant Russell's vehicle.  Tolbert further states that all vehicles not being used by the City will have their insurance suspended and surplus vehicles will be sold.

30.

Defendant Russell is allowed to drive his city owned vehicle home and continues to drive the city vehicle for his personal use.

31.

On or about July 10, 2009 Russell and Rogers met during which time, Russell discusses ways to deflect misuse of SPLOST funds.  He further states the Police Department was moving from its current location to City Hall in a cost cutting measure.  He reaffirms that Rogers should be concerned about the "family" of Pendergrass and should not associate with Rintoul and Garner.

32.

On July 10, 2009 Plaintiff Rintoul notifies Tolbert as to her concerns about the security of city documents and request for additional locked storage cabinets to secure documents.  Tolbert with the assistance of Russell remove documents from Rintoul's control and change door locks at City Hall preventing Rintoul from accessing documents, which under the color of law are to be in her care.

33.

On or about July 15, 2009 Plaintiff Rintoul meets with District Attorney Bradley Smith to discuss the wrong doing in the City of Pendergrass.  At this meeting Plaintiff reveals the misuse of city credit card, misuse of SPLOST funds, misuse of the general fund, misuse of city equipment, concerns as to payment and recording of "cash bonds" taken by the Police Department.

34.

Upon Plaintiff Rintoul's return from her meeting with the District Attorney, Tolbert request Rintoul to sign a blank check for his use.  Rintoul asks for information about the check, Tolbert stated he would tell her later as to the amount and payee for the check.  Tolbert did not at any time inform Rintoul at any time as to the payee and amount of the check.

35.

On or about July 21, 2009, Rintoul inquired about the blank check at the bank.  Rintoul discovered Tolbert had executed a check in the amount of $20,000.00 payable to opposing council to settle a Title VII lawsuit which was pending against the City and Defendant Russell.

36.

On or about July 19, 2009 Plaintiff Rogers spoke with Russell at the Police Department.  Russell commented on the payment of rents to City Councilmember Gee for the Police Department Building.  Plaintiff suggested to the Russell the lease of the building could be a conflict of interest.  Russell did not seem concerned about the conflict. After making the statement about the conflict of interest, Russell made statements to the Plaintiff which made Plaintiff fearful for his position.  Russell made statements referring to the downturn in revenue across

the region.  Plaintiff suggested the City eliminate part-time positions, before eliminating full time positions.  Russell disregarded the suggestion.

37.

On or about July 22, 2009, Plaintiff Rogers saw Tolbert, Russell, and Russell's assistant, Sandy Funderburk, in Russell's office at the Police Department. Plaintiff overheard the conversation between the parties.  The Defendants with Ms. Funderburk were determining who to terminate along with Rogers and Rintoul, so that it would not appear to be retaliation.  Russell stated that he would "slide a write-up in there" in an attempt to deflect retaliation claims. The parties discussed the limited financial liability for the City due to "insurance."  Defendant Russell told Defendant Tolbert to make sure he had the City Council on his side to make this work.

38.

On or about July 23, 2009 the City held a "pizza party" for the employees to inform them that there would be layoffs due to the economic situation in the city. In addition, Tolbert asked Plaintiff Rintoul the status of the general account, Rintoul replied that she did not know, because Tolbert had not stated the amount of the check he had taken on July 15, 2009.  Tolbert stated that he did not know the amount as of yet.  Russell stated to Rintoul that this financial problem was all "Bill's (Lt. Garner's) fault."

39.

On or about July 28, 2009, after the city council meeting, the Defendants

terminated Plaintiffs.  At said meeting, Tolbert read a letter which stated that he

had spoken with each member of the City Council prior to the meeting, to inform

them of the situation.

## CLAIMS FOR RELIEF

### COUNT ONE

### RETALIATION IN VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, ACTIONABLE UNDER 42 U.S.C.1983 AGAINST ALL DEFENDANTS

40.

Paragraphs one through thirty-nine are hereby realleged and incorporated by

reference.

41.

All Defendants by and through their actions did retaliate against the

Plaintiffs for their speech by unjustly terminating Plaintiff s from their positions

within the Defendant City.

42.

Defendant City, Defendant Tolbert, Defendant Russell, Defendant Stowe,

Defendant Gee, Defendant Pethel, and Defendant Marlow have deprived Plaintiffs

of their right to freedom of speech and freedom of association as guaranteed by the

First Amendment to the Constitution of the United States and substantive due process as guaranteed by the Fourteenth Amendment to the Constitution of the United States.

43.

As a direct result of the Defendants' actions set forth herein, Plaintiff Rintoul has suffered mental and emotional distress, as well as having her career path disrupted and damaged.

44.

As a direct result of the Defendants' actions set forth herein, Plaintiff Rogers has suffered mental and emotional distress, as well as having his career path disrupted and damaged.

45.

On or about July 19, 2009 Plaintiff Rogers during the course of his shift came upon Defendant Pethel's son. It was known to Plaintiff Rogers that John Pethel, Jr. had had his license suspended. Plaintiff Rogers proceeded to stop the vehicle in which Pethel, Jr. was driving. At this juncture, Pethel Jr. produced a driver license to Rogers. Plaintiff Rogers confirmed the validity of the driver's license. Dispatch informed Rogers that the vehicle's registration had expired. Rogers returned to the vehicle and cited the driver for driving with an expired tag.

46.

Later in the same evening at the end of Plaintiff Rogers shift, Defendant
Pethel, approached Plaintiff Rogers to inquire as to the reasons for citing his son.
Plaintiff Rogers politely explained that he could not discuss the matter with him
and that his son needed to come to Court to discuss the matter. Defendant Pethel
became abusive and threatening to the Plaintiff Rogers. Defendant Pethel
threatened Defendant Rogers employment status with the City. Defendant Pethel
stated to Rogers to just wait until the next council meeting. Then Defendant Pethel
placed his vehicle directly behind Plaintiff Rogers patrol vehicle and intensely
stared at Rogers, while Rogers removed his effects to his personal vehicle.
Plaintiff Rogers felt physically intimidated by the actions of Defendant Pethel.
Defendant Rogers memorialized this encounter in Pendergrass Police Department
Supplemental Report Case No. 090702875.

47.

The Defendant City has retaliated against the plaintiffs by the creation of a
hostile work environment. The City by and through its representatives, Tolbert,
Russell, Pethel, Stowe, Gee and Marlow, have retaliated against the plaintiff s for
their assertion of their rights under law. The Defendant by and through the actions
of the above named individuals acting under the color of law did proceed to

conspire, scheme and manipulate events to discredit and retaliate against the plaintiffs.

48.

The conduct of all Defendants was in callous and willful disregard of each Plaintiff's constitutional rights thereby authorizing an award of punitive damages.

49.

At all times, the individual Defendants acted as the final decision makers for Defendant City.  The Defendants acted in concert with each other to deprive the Plaintiff Rintoul and Plaintiff Rogers of their Constitutional Rights.

50.

Defendant City's condonation, ratification, approval and perpetuation of this retaliatory environment have caused Plaintiffs to suffer severe humiliation, embarrassment, degradation and emotional distress.

51.

Defendant City's failure to cease the actions of its agents following plaintiff's complaints to designated officials; and Defendant City's condonation and acquiesces of the abusive and hostile behavior toward the Plaintiffs were in direct retaliation for Plaintiff s having opposed practices which are prohibited by law.  In doing so, Defendant City and individual defendants acted with malice

and/or reckless indifference to Plaintiffs' federally protected rights in violation of 42 U.S.C.1983.

**WHEREFORE EACH PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

(A)   that the Plaintiffs each be awarded special and general damages in an amount not less than $500,000.00 each to compensate them for any lost wages and benefits of employment, physical, mental, and emotional distress each has suffered as a result of Defendants' wrongful actions;

(B)   that Plaintiffs each be awarded punitive damages against each Defendant in their individual capacity in order to deter them from similar misconduct in the future in an amount to be determined by the enlightened conscience of the jury of not less than $500,000.00;

(C)   that the Plaintiffs recover their expenses of litigation and reasonable attorney's fees as authorized by 42 U.S.C 1988;

(D)   that the Plaintiffs be reinstated to their positions with the City of Pendergrass with their normal and proper assignment therein;

(E)   that all Defendants be held personally and officially liable for all damages pursuant to OCGA 36-33-4;

(F)     that the Plaintiffs be afforded a trial by jury on all issues trialable by a jury;

(G)     that the Court issue an order declaring Defendants' conduct in violation of Plaintiffs' Constitutional Rights; and

(H)     that the Plaintiffs be awarded any other and further relief that the Court deems just and proper.

Count II

CONSPIRACY TO DEPRIVE PLAINTIFFS OF THEIR FIRST AND FOURTEENTH AMENDMENT RIGHTS AGAINST ALL DEFENDANTS

52.

Paragraphs one through fifty-one are hereby realleged and incorporated by reference.

53.

Defendants did conspire and retaliate against the Plaintiffs for the Plaintiffs' participation in the investigation of unlawful practices by the Defendant City and Defendants.

54.

All Defendants planned and executed the termination of the Plaintiffs in direct retaliation for their speech against unlawful, wrongful and criminal acts by the Defendants.

55.

All Defendants met with each other, with at least two Defendants present at each meeting to determine the course of action against the Plaintiffs and methods in which to attempt to disguise their actions to insulate themselves from wrongful activity.

56.

The Defendant City has retaliated against the plaintiffs by the creation of a hostile work environment.  The City by and through its representatives, Tolbert, Russell, Pethel, Stowe, Gee and Marlow, have retaliated against the plaintiff s for their assertion of their rights under law.  The Defendant City by and through the actions of the above named individuals acting under the color of law did proceed to conspire, scheme and manipulate events to discredit and retaliate against the plaintiffs.

57.

Defendants have fulfilled the terms of their conspiracy by terminating the Plaintiffs on July 28, 2009.

**WHEREFORE EACH PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

(A)That the Plaintiffs each be awarded special and general damages in an amount not less than $500,000.00 each to compensate them for any lost

wages and benefits of employment, physical, mental, and emotional

distress each has suffered as a result of Defendants' wrongful actions;

(B) that Plaintiffs each be awarded punitive damages against each Defendant

in their individual capacity in order to deter them from similar

misconduct in the future in an amount to be determined by the

enlightened conscience of the jury of not less than $500,000.00;

(C) that the Plaintiffs recover their expenses of litigation and reasonable

attorney's fees as authorized by 42 U.S.C 1988;

(D) that the Plaintiffs be reinstated to their positions with the City of

Pendergrass with their normal and proper assignment therein;

(E) that all Defendants be held personally and officially liable for all

damages pursuant to OCGA 36-33-4;

(F) that the Plaintiffs be afforded a trial by jury on all issues trialable by a

jury;

(G) that the Court issue an order declaring Defendants' conduct in violation

of Plaintiffs' Constitutional Rights; and

(H) that the Plaintiffs be awarded any other and further relief that the Court

deems just and proper.

## COUNT III

## VIOLATIONS OF O.C.G.A. 45-1-4 AGAINST ALL DEFENDANTS

### 58.

Paragraphs one through fifty-seven are hereby realleged and incorporated by reference.

### 59.

Plaintiffs Rintoul and Rogers, public employees of the City of Pendergrass, on or about June 28, 2009 brought to the Mayor of Pendergrass, Defendant Tolbert, allegations disclosing a violation of or noncompliance with a law, rule, or regulation by the City. The Plaintiffs' concerns about the waste, misuse and misappropriations of government funds and property with evidentiary material were given to Defendant Tolbert.

### 60.

Defendant Tolbert and Defendant Russell through a series of adverse employment actions retaliated against the Plaintiffs for their actions in reporting the misuse and misappropriations of city funds and property.

### 61.

Defendant Tolbert and Defendant Russell's actions were deliberate, willful, and intentionally reckless. Defendants Tolbert and Russell showed a deliberate

disregard and indifference with regard to OCGA 45-1-4 with their retaliatory efforts.

62.

The Defendant members of the City Council condone, ratified, approved and perpetuated of the retaliatory work environment instituted by Defendants Russell and Tolbert.  The Defendants have caused the Plaintiffs to suffer severe humiliation, embarrassment, degradation and emotional distress due to the retaliatory environment.

**WHEREFORE EACH PLAINTIFF DEMANDS JUDGMENT AS FOLLOWS:**

(A) that Plaintiffs each be awarded punitive damages against each Defendant in their individual capacity in order to deter them from similar misconduct in the future in an amount to be determined by the enlightened conscience of the jury of not less than $500,000.00;

(B) that the Plaintiffs recover their expenses of litigation and reasonable attorney's fees as authorized by 42 U.S.C 1988, and OCGA45-1-4;

(C) that the Plaintiffs be reinstated to their positions with the City of Pendergrass with their normal and proper assignment therein;

(D) that the Plaintiffs be awarded back pay, benefits and compensation;

(E) that all Defendants be held personally and officially liable for all

damages pursuant to OCGA 36-33-4;

(F) that the Plaintiffs be afforded a trial by jury on all issues trialable by a

jury; and

(G) that the Plaintiffs be awarded any other and further relief that the Court

deems just and proper.


Respectfully submitted this _10_ day of November 2009


Nancy Val Preda
Attorney for Katherine Rintoul and Scott Rogers
Georgia Bar No. 723377

63 Pearl Industrial Blvd
Suite J
Hoschton, Ga 30548
(706) 824-0095
(706) 658-0097 facsimile

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION


KATHERINE RINTOUL
And SCOTT ROGERS,
Plaintiffs


Vs.                                          Civil Action File No._____

                                             Judge_____

MELVIN TOLBERT, Individually        Jury Trial Demanded
And in his official Capacity as Mayor of
The City of Pendergrass,  HILDA GEE,
Individually and in her official capacity as
City Councilmember of the City of Pendergrass,
JUDY STOWE, Individually and in her official
Capacity as Councilmember of the City of
Pendergrass, JOHN PETHEL, Individually and in his
Official Capacity as City Councilmember of the
City of Pendergrass, THOMAS MARLOWE, Individually and
In his Official Capacity as Councilmember of the City of
Pendergrass, ROBERT J. RUSSELL, III,  Individually, and in his
Official Capacities as City Manager and Chief of Police for
City of Pendergrass, and The CITY of PENDERGRASS
Defendants


## VERIFICATION


   I, KATHERINE RINTOUL, the plaintiff in the foregoing action, who being

duly sworn and having read the foregoing, do hereby affirm that the facts

contained therein are true and correct to the best of my knowledge and belief.

_KATHERINE RINTOUL_

Sworn and subscribed before me,

This _10_ day of _November_ 2009.



_Peter Val Preda_
Notary Public

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION


KATHERINE RINTOUL
And SCOTT ROGERS,
Plaintiffs


Vs.                                    Civil Action File No._____

                                       Judge_____


MELVIN TOLBERT, Individually           Jury Trial Demanded
And in his official Capacity as Mayor of
The City of Pendergrass,  HILDA GEE,
Individually and in her official capacity as
City Councilmember of the City of Pendergrass,
JUDY STOWE, Individually and in her official
Capacity as Councilmember of the City of
Pendergrass, JOHN PETHEL, Individually and in his
Official Capacity as City Councilmember of the
City of Pendergrass, THOMAS MARLOWE, Individually and
In his Official Capacity as Councilmember of the City of
Pendergrass, ROBERT J. RUSSELL, III,  Individually, and in his
Official Capacities as City Manager and Chief of Police for
City of Pendergrass, and The CITY of PENDERGRASS
Defendants


## VERIFICATION


I, SCOTT ROGERS, the plaintiff in the foregoing action, who being duly

sworn and having read the foregoing, do hereby affirm that the facts contained

therein are true and correct to the best of my knowledge and belief.

_____
SCOTT ROGERS

Sworn and subscribed before me,

This _10_ day of _November_ 2009.


_Peter Val Preda_
Notary Public